FILED 140
Honorable Steve Lampo Prosecuting Attorney Newton County P. O. Box 511 Neosho, Missouri 64850
Dear Mr. Lampo:
This is in response to your request for an opinion from this office as follows:
 "Section 49.277 (1) enacted by the 78th General Assembly during its Second Regular Session, 1976 provides in pertinent part as follows:
 The County Court in . . . Counties of the . . . third class not having a Charter form of Government as part of the compensation of its employees may contribute to the cost of a plan . . . (emphasis added)
 "1. Question: Does the definition of the word `employees' as used hereinabove include elected officeholders of the County?
 "2. Question: If the word `employees' as used hereinabove does include elected officeholders of the County is the compensation under this statute in addition to or a part of the salary provided for in the statutes providing for salaries of the various officeholders?"
Newton County is a third class county not having a charter form of government.
You refer to Section 49.277 as enacted by the 78th General Assembly, Second Regular Session, which provides in part as follows:
 "49.277. 1. The county court in all counties of the second and third classes and counties of first class not having a charter form of government as a part of the compensation of its employees may contribute to the cost of a plan, including a plan underwritten by insurance, for furnishing all or a part of hospitalization or medical expenses, life insurance, or similar benefits for its employees, and to appropriate and utilize its revenues and other available funds for these purposes." (Emphasis supplied)
First of all, it is our view that the provision of Section 49.277, which refers to the county court and "its employees," was intended to include all county employees and is not restricted to the limited meaning of only employees of the county court because such a restrictive interpretation would render the provision almost meaningless.
You inquire whether the word "employees" as used in Section 49.277 includes elective officeholders of the county.
We have been unable to find any court decision in this state passing on this question. In 63 Am.Jur.2d Public Officers and Employees
§ 11, the general rule of law is stated as follows:
 "Public office, as hereinbefore defined and characterized, is in a sense an employment, and is very often referred to as such. But there is a distinction between a public office and a public employment, which is not always clearly marked by judicial expression and is frequently shadowy and difficult to trace. The distinction, however, is one which in many instances becomes important and which the courts are called upon to observe. Although every public office may be an employment, every public employment is not an office, and constitutional, statutory, and charter provisions referring to `employees' or `workmen' have generally been construed as not including public officers. However, a charter or statute declaring that as used therein, the term `employee' shall include public officers, has been held effective to extend the application of the term `employees' so as to include public officers."
We know in this respect that it is not uncommon for the legislature to state concisely its intention to include officers and employees by specific provisions to that effect. Compare the provision of the Tort Defense Fund, Section 105.710, RSMo Supp. 1975.
In the absence of specific statutory provisions to the effect that county officers are to be considered as employees in the meaning of the above statute, it is our view that they are not to be included.
It is our view that Section 49.277 was intended to permit the county court to furnish such insurance to its employees as a part of compensation in addition to that compensation which may already be provided for by law or pursuant to law.
Before this last amendment to Section 49.277, that section provided that a county court in counties of the first class not having a charter form of government may provide such insurance as compensation for its employees. The amendment, of course, added counties of the second and third classes. Clearly not all counties are covered by Section 49.277, as amended. However, in our Opinion No. 61 dated January 23, 1975, to Bild, this office enclosed Opinion No. 93 dated September 9, 1969, to Cason and No. closed Opinion No. 93 dated September 9, 1969, to Cason and No. 11 dated April 6, 1971, to Copeland and expressed our view that Section 49.277 did not prevent those counties not mentioned therein from providing such insurance as a part of the compensation of the employees pursuant to the views expressed in such opinions. Copies of these opinions are enclosed.
We wish to make it clear, however, that, if the insurance is to be provided under the compensation theory and not under Section 49.277, when the law requires that the employee's salary be paid in a fixed amount in cash there is clearly no right in the governing body to provide for payment of insurance premiums out of the salary provided for by law.
In summary and in direct answer to your question, we conclude that Section 49.277, as amended, refers only to employees and not to elected officers of the county and that Section 49.277 does not prohibit a county which is not mentioned therein from furnishing insurance consistent with the opinions we have cited.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosures: Op. No. 61 Bild, 1-23-75
 Op. No. 93 Cason, 9-9-69
 Op. No. 11 Copeland, 4-6-71